NicholsoN, C. J.,
delivered the opinion of the Court.
The complainant in this case filed separate bills against the defendants, which were consolidated in the Court below and heard together. The bills were filed to set aside a conveyance made by defendant B. F. Pigue to defendant Michael K. Con-sidine, as trustee of M. A. Considine and her chil *567 dren, dated tbe 8th of August, 1865, for a tract of land of two hundred and fifty acres, situated in Gibson county, to satisfy notes of E. F. Pigue and Michael E. Considine, amounting to about three thousand dollars. The conveyance is attacked for • fraud, and attachments were issued and levied on the land.
The bills allege that the consideration of three thousand dollars stated on the face of the deed to have been paid, was not in fact paid, but that E. P. Pigue being entirely insolvent, conveyed the land for the benefit of M. A. Considine, his stepdaughter, without consideration, and for the fraudulent purpose of hindering, delaying . and defeating his creditors in the collection of their claims.
The allegations of fraud are denied in the answers, and it is asserted therein, that the consideration was paid, as recited in the deed. M. A. Considine states that she paid for the land with her separate means, furnished to her by her grandfather. The answers are not sworn to, and therefore are not evidence for defendants.
The proof shows, that E' P. Pigue was utterly insolvent — that he was living on the land, together with his family, at the date of the conveyance, and that they have continued in possession down to the filing of the bills. The land is shown to have been worth from four thousand five hundred to five- thousand dollars. M. A. Considine is shown to be a stepdaughter of E. P. Pigue, and to have been possessed of little means.
*568 Notwithstanding these strong indications of fraud, defendants take no proof to rebut them. The only proof, as to the consideration of the conveyance, is made by the complainants. They take the deposition of John Bailey, the grandfather of M. A. Considine, and who is over eighty years of age, and with a memory greatly impaired. He says, he gave his granddaughter, first and last, one thousand three hundred dollars, but is unable to state whether it was given in 1861, 1862, 1863, 1864, or 1865. He don’t know whether he got any of the money of B. K. Pigue or not; if he did, it was money he had loaned him. He says, B. F. Pigue requested him to give all he had for his daughter, Mrs. Pigue, wife of B. F. Pigue, to her daughter M. A. Considine. This request was made a long time ago. He says, he gave the one thousand three hundred dollars to his daughter, Mrs. Pigue, for his granddaughter. He don’t know whether Mrs. Pigue ever gave the money to his granddaughter, M. A. Considine, or not. This is all the proof in the record, as to the payment for the land, and this proof is made by complainants to contradict the statement in M. A. Considine’s answer, that she paid three thousand dollars for the land with means given to her by her grandfather.
The facts make out a clear case of fraud, and they stand uncontradicted and unexplained.
It is said, however, that we have not the necessary parties before us, to authorize us to grant the relief prayed for. It appears, that B. F. Pigue *569 and M. K. Considine have both died, and tbat there bas been no administration on tbeir estates. It is urged, that their administrators are necessary parties. It appears, that upon the death of K>. F. Pigue, and no administration being granted on his estate, the cause was revived against his heirs. They are regularly before the Court. This is all that could be necessary.
The deed from P. F. Pigue to M. K. Con-sidine is absolute — it conveys all of Pigue’s interest. There is no reservation of any interest. Though the deed may be 'fraudulent as against his creditors, it is good as between him and M. X. Considine. He, therefore, in no event, can have any interest in the land, or its proceeds. Neither his administrator nor his heirs were necessary parties. The legal title was in M. K. Considine at his death — this descended to his only child, who is regularly before the. Court. The administrator of Considine could have no interest in the land, and he was not, therefore, a necessary party. We conclude that all the necessary parties are before the Court.
The facts of. the case establish fraud in fact in all the parties to the conveyance. It is not a case, therefore, in which the land will be held as a security for payments made. The deed will be set aside for fraud, and the land ordered to be sold for the satisfaction of the debts due to complainants.
The decree of the Chancellor is affirmed with costs.